**CT Corporation**

**Service of Process Transmittal**
08/01/2016
CT Log Number 529594527

TO: Charles T Denaro
Reliance Standard Life Insurance Company
2001 Market St Ste 1500
Philadelphia, PA 19103-7090

RE: **Process Served in Michigan**

FOR: Reliance Standard Life Insurance Company  (Domestic State: IL)

**Compliance Department**
**RECEIVED AUG 0 2 2016**
AUG 0 2 2016
**DEBRA G. STAPLES**

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Home Owners Insurance Company, Pltf. vs. Reliance Standard Life Insurance, etc., Dft. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Proof, Attachment(s) |
| **COURT/AGENCY:** | Wayne County - 3rd Circuit Court, MI<br>Case # 16009489CZ |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Bingham Farms, MI |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 08/01/2016 postmarked: "Illegible" |
| **JURISDICTION SERVED :** | Michigan |
| **APPEARANCE OR ANSWER DUE:** | Within 28 days after receiving this summons (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Robert L. Goldenbogen<br>Garan Lucow Miller, P.C.<br>1411 Third Street<br>Suite H<br>Port Huron, MI 48060<br>810-985-4400 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Priority Overnight , 783714558283 |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | The Corporation Company<br>30600 Telegraph Road<br>Suite 2345<br>Bingham Farms, MI 48025-5720<br>248-646-9033 |

Page 1 of  1 / SC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

GARAN LUCOW MILLER PC
HARBORSIDE OFFICE CENTER
1411 THIRD STREET SUITE H
PORT HURON MI 48060

RELIANCE STANDARD LIFE INSURANCE COMPANY
C/O THE CORPORATION COMPANY
30600 TELEGRAPH ROAD
BINGHAM FARMS MI 48025

CERTIFIED MAIL

7002 2510 0000 3306 8362

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS AND COMPLAINT | CASE NO. 16-009489-CZ Hon. Susan L. Hubbard |
|---|---|---|

2 Woodward Ave., Detroit MI 48226  Court Telephone No. 313-224-5183

**Plaintiff**
Home-Owners Insurance Company

v

**Defendant**
Reliance Standard Life Insurance Company

**Plaintiff's Attorney**
Robert L. Goldenbogen, P-46166
1411 3rd St Ste H
Port Huron, MI 48060-5480

**Defendant's Attorney**

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C]).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| 7/28/2016 | 10/27/2016 | File & Serve Tyler |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☐ There is no other pending or resolved civil action arise out of the same transaction or occurrence as alleged in the complaint.
☐ An civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|

Place where action arose or business conducted

7/28/16
Date  Signature of attorney/plaintiff



If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (5/15) SUMMONS AND COMPLAINT MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | PROOF OF SERVICE | CASE NO. 16-009489-CZ |
|---|---|---|

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

☐ **OFFICER CERTIFICATE** OR ☐ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)

Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required)

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

I declare that the statements above are true to the best of me information, knowledge and belief.

| Service fee $ | Miles traveled $ | Mileage fee $ | Total fee $ | Signature |
|---|---|---|---|---|

Name (type or print)

Title

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                          Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____
Signature

jp

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

HOME-OWNERS INSURANCE COMPANY,

    Plaintiff,

v

RELIANCE STANDARD LIFE
INSURANCE COMPANY,
is a foreign corporation,

    Defendant.

Case No.:    CZ
Hon.

16-009489-CZ
FILED IN MY OFFICE
WAYNE COUNTY CLERK
7/28/2016 11:16:55 AM
CATHY M. GARRETT

---

Robert L. Goldenbogen (P46166)
Garan Lucow Miller, P.C.
Attorneys for Plaintiff
Harborside Office Center
1411 Third Street, Suite H
Port Huron, MI  48060
810-985-4400

---

There is no other pending or resolved civil action
arising out of the same transaction or occurrence
as alleged in the complaint.

## COMPLAINT

NOW COMES the Plaintiff, Home-Owners Insurance Company (Home-Owners), by and through its attorney, Garan Lucow Miller, P.C. and for its Complaint against the Defendant, Reliance Standard Life Insurance Company (Reliance Standard), states as follows:

## PARTIES AND JURISDICTION

1. That the Plaintiff is an insurance company, licensed to underwrite no-fault automobile insurance coverage and, at all time pertinent hereto, conducted such business in the State of Michigan.

2. Defendant, Reliance Standard, a foreign corporation, is, upon information and belief, an Illinois corporation licensed to and doing business in the State of Michigan and did deliver in the State of Michigan a certain group policy of long term disability insurance for non-party, Gerald Shepherd, said policy bearing policy number VPL301611, which is the subject matter of this litigation.

3. At all times pertinent hereto, non-party, Gerald Shepherd, was insured for long term disability benefits under Reliance Standard Life Insurance Company Policy VPL301611 said policy of insurance having been issued to non-party, Gerald Shepherd, through his employment relationship with LaFontaine Automotive Group. (A copy of the Reliance Standard Life Insurance Company Long Term Disability Policy is attached as Exhibit A).

4. At all times pertinent hereto, non-party, Gerald Shepherd, was insured for no-fault automobile insurance benefits under a policy of no-fault automobile insurance coverage underwritten by Home-Owners Insurance Company, bearing policy number 47-643-392-000, which policy provided for excess work loss benefits, written to pay secondary to other health and accident coverage. (A copy of the Home-Owners policy and declaration pages is attached as Exhibit B).

5. On April 26, 2015, non-party, Gerald Shepherd, was injured in a motor vehicle accident and his injuries rendered him unable to work and eligible for long term

disability benefits under his Reliance Standard policy and work loss benefits under his no-fault automobile insurance policy.

6.  Reliance Standard has denied its obligation to provide primary disability benefits under its disability policy and applicable Michigan insurance law, instead exacting a setoff of disability benefits to reflect no-fault automobile insurance work loss benefits which Reliance Standard asserts should provide primary coverage.

7.  This litigation involves a priority of coverage dispute between Home-Owners Insurance Company and Reliance Standard Life Insurance Company relative to the obligation to provide disability and/or work loss coverage to Gerald Shepherd related to disability and/or inability to perform work as a result of his April 26, 2015, motor vehicle accident.

## JURISDICTION AND VENUE

8.  This Court has jurisdiction of this case pursuant to MCR 2.605 for the following reasons:

    a.  An actual controversy exists whereby Home-Owners seeks declaratory judgment as to its rights and obligations *vis-a-vis* Defendant and other legal relationships of the parties; and

    b.  This Court would have jurisdiction of an action on the same claim for relief other than a declaratory judgment.

9.  Venue is proper in this Court pursuant to MCL §600.1601 *et seq.* for the following reasons:

    a.  Defendant, Reliance Standard Life Insurance Company is a legal entity which operates in the State of Michigan, County of Wayne and which delivered its policy of insurance in the State of Michigan, County of Wayne;

    b.  Home-Owners conducts business in the County of Wayne; and

3

c.  The amount in controversy exceeds Twenty Five Thousand and no/100 ($25,000) Dollars.

## COUNT I
## REQUEST FOR DECLARATORY RELIEF

10. Plaintiff hereby incorporates and re-alleges each and every allegation contained in paragraphs 1 through 9 as though fully set forth herein.

11. Non-party, Gerald Shepherd, suffered injuries in his April 26, 2015, motor vehicle accident that rendered him disabled from work and which qualified him for long term disability benefits under his Reliance Standard Life Insurance Company long term disability policy and work loss benefits under his coordinated no-fault automobile insurance policy.

12. At the time of his accident, Mr. Shepherd was entitled to excess work loss coverage under his policy of no-fault automobile insurance issued by Home-Owners.

13. Pursuant to MCL §500.3109a, the Home-Owners policy covering Mr. Shepherd contained a valid and unambiguous coordination of benefits provision that makes its coverage secondary to coverage Mr. Shepherd has from other health and accident benefit plans:

3. **WORK LOSS**

   When the Declarations state Personal Injury Protection:

   a.  "Excess of Other Insurance"; or

   b.  "Excess Wage"

   the work loss benefits provided to the **named insured** or a **relative** in accordance with Chapter 31 of the Michigan Insurance Code do not apply until all work loss benefits available from any health or accident policy or plan have been paid. **We** will pay work loss benefits only to the extent they are not eligible for payment by any health or accident policy or plan.

4

14. Gerald Shepherd was enrolled in and eligible for long term disability coverage under the terms of the Reliance Standard Life Insurance Company policy including coverage for disability arising out of his April 26, 2015, motor vehicle accident.

15. Pursuant to applicable state insurance law, the Reliance Standard Life Insurance Company policy is obligated to pay primary disability benefits to the work loss coverage otherwise provided under the Home-Owners coordinated no-fault policy.

16. The Reliance Standard Life Insurance Company purports to allow Reliance Standard to offset disability benefits to the extent of mandatory no-fault automobile insurance benefits and Reliance Standard has maintained that its contract terms permit it to subordinate its coverage to Mr. Shepherd's coordinated no-fault work loss benefits.

17. Home-Owners has requested that Reliance Standard Life Insurance Company acknowledge its primary status and pay benefits accordingly but Reliance Standard Life Insurance Company has failed and refused to do so. (See May 20, 2016, correspondence attached hereto as Exhibit C).

18. Home-Owners, as of March 30, 2016, has paid to or on behalf of Gerald Shepherd the sum of Thirty Three Thousand Eight Hundred Fifty Eight and 15/100 ($33,858.15) Dollars in work loss benefits that should have been paid by the Reliance Standard Life Insurance Company long term disability policy, which sums Home-Owners was required to pay out of priority. (See Pay Log attached hereto as Exhibit D).

19. An actual controversy exists between Plaintiff and Defendant over which coverage provides primary benefits and this Court's ruling is necessary to resolve the controversy.

WHEREFORE, Plaintiff, Home-Owners Insurance Company, respectfully requests this Honorable Court grant the following relief:

5

a. Enter an Order declaring that the Reliance Standard Life Insurance Company provided coverage that was primary to Home-Owners' coordinated no-fault automobile insurance for the payment of disability/work loss benefits to or on behalf of General Shepherd related to his April 26, 2015, motor vehicle accident;

b. Enter an Order declaring that Home-Owners, as the no-fault automobile insurance carrier in this matter, is entitled to recoup from said Defendant any amounts which Home-Owners has paid for disability/work loss benefits under its coordinated no-fault policy, which amounts are not in excess of the coverage afforded by the Reliance Standard Life Insurance Company;

c. Award Home-Owners its costs, interest and attorney's fees incurred in having to bring this action to resolve this priority dispute; and

d. Such further and other relief, legal and equitable, as this Honorable Court deems just.

## COUNT II
## RECOUPMENT

20. Plaintiff hereby incorporates and re-alleges each and every allegation contained in paragraphs 1 through 19 as though fully set forth herein.

21. Home-Owners, as the excess provider of work loss benefits to General Shepherd should have paid only excess coverage to or on behalf of Mr. Shepherd related to his April 26, 2015, motor vehicle accident.

22. Home-Owners, as of March 30, 2016, has paid to or on behalf of General Shepherd the sum of Thirty Three Thousand Eight Hundred Fifty Eight and 15/100 ($33,858.15) Dollars in work loss benefits that should have been paid by the Reliance Standard Life Insurance Company long term disability policy, which sums Home-Owners was required to pay out of priority.

23. Under applicable Michigan law, the Reliance Standard Life Insurance Company is required to pay primary to Mr. Shepherd's coordinated no-fault work loss coverage.

6

24. Plaintiff has requested that Reliance Standard Life Insurance Company acknowledge its primary status and Reliance Standard has failed and/or refused to do so.

WHEREFORE, Plaintiff, Home-Owners Insurance Company, respectfully requests this Honorable Court grant the following relief:

    a.    Enter an Order declaring that the Reliance Standard Life Insurance Company provided coverage that was primary to Home-Owners' coordinated no-fault automobile insurance for the payment of disability/work loss benefits to or on behalf of General Shepherd related to his April 26, 2015, motor vehicle accident;

    b.    Enter an Order declaring that Home-Owners, as the no-fault automobile insurance carrier in this matter, is entitled to recoup from said Defendant any amounts which Home-Owners has paid for disability/work loss benefits under its coordinated no-fault policy, which amounts are not in excess of the coverage afforded by the Reliance Standard Life Insurance Company;

    c.    Award judgment in favor of Home-Owners and against the Defendant in an amount that reimburses Home-Owners for all sums it has paid been required to pay out of priority;

    d.    Award Home-Owners its costs, interest and attorney's fees incurred in having to bring this action to resolve this priority dispute; and

    e.    Such further and other relief, legal and equitable, as this Honorable Court deems just.

/s/Robert L. Goldenbogen
Garan Lucow Miller, P.C.
Attorneys for Plaintiff
Harborside Office Center
1411 Third Street, Suite H
Port Huron, MI 48060
810-985-4400
rgoldenbogen@garanlucow.com
(P46166)

Dated: July 27, 2016
142-1325
#119343

7